STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GREG ZANELOTTI,**
**Claimant Below, Petitioner**

**FILED**
November 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1744** (BOR Appeal No. 2046039)
                    (Claim No. 2010107111)

**MARCH WESTIN COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Greg Zanelotti, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. March Westin Company, by Lynn Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 28, 2011, in which the Board affirmed a May 31, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 20, 2010, decision denying a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is clearly the result of erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Zanelotti was working for March Westin Company when he injured his right shoulder on September 15, 2009. The claim was held compensable for a right shoulder sprain on September 28, 2009. In December of 2009 Mr. Zanelotti complained of cervical pain. On September 20, 2010, the claims administrator denied a request to reopen the claim for additional temporary total disability benefits. The Office of Judges affirmed the claims administrator's decision, and found that there was no evidence of a progression or aggravation of the compensable shoulder condition or some other facts not previously considered to warrant a

1

reopening of the claim for additional temporary total disability benefits. The Board of Review reached the same reasoned conclusions.

On appeal, Mr. Zanelotti argues that according to the findings of Drs. Darmelio and Miele he is entitled to additional temporary total disability benefits. March Westin Company maintains that the need for additional temporary total disability benefits is related to Mr. Zanelotti's cervical condition, and not the compensable shoulder sprain.

We disagree with the conclusions of the Board of Review. In Memorandum Decision number 11-1190, this Court remanded the claim with instructions to add cervical sprain as a compensable component in the claim. We found that there was sufficient evidence to link Mr. Zanelotti's cervical complaints to the compensable shoulder sprain. In light of this Court's prior decision, combined with Mr. Zanelotti's reopening request, it appears that there are facts contained in the record which have not been previously considered, and the claim should be reopened for further consideration of temporary total disability benefits.

In light of this Court's prior decision, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with instructions to reopen the claim for further consideration of temporary total disability benefits.

Reversed and Remanded.

**ISSUED: November 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis

2